Matthew R. Lewis (AZ Bar No. 17331)
R. Jeremy Adamson (to be admitted *pro hac vice*)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
mlewis@kba.law
jadamson@kba.law

*Attorneys for Defendant Covid Clinic, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| ROBIN DAVIS, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>COVID CLINIC, INC., a California Non-Profit Corporation,<br><br>   Defendant. | **ANSWER**<br><br>Case No. 2:22-CV-01521-DWL<br><br>Judge Dominic W. Lanza |

COMES NOW Defendant Covid Clinic, Inc. ("Covid Clinic" or "Defendant"), through counsel, Matthew Lewis and R. Jeremy Adamson of the law firm Kunzler Bean & Adamson, PC, hereby submits its answer/responds to Plaintiff Robin Davis's ("Plaintiff") Complaint ("Complaint") as follows:

## ANSWER

Covid Clinic responds to the numbered paragraphs of the Complaint as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Covid Clinic does not have sufficient information to admit or deny the allegations in paragraph 1 and therefore denies the same.

2. Covid Clinic does not have sufficient information to admit or deny the allegations in paragraph 2 and therefore denies the same.

3. Covid Clinic admits that Plaintiff was an employee of Covid Clinic but otherwise denies the remaining allegations in paragraph 3.

4. Deny.

5. Covid Clinic does not have sufficient information to admit or deny the allegations in paragraph 5 and therefore denies the same.

6. The allegations contained in paragraph 6 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Covid Clinic admits that the Court has personal jurisdiction over the parties.

7. The allegations contained in paragraph 7 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Covid Clinic admits that the Court has subject matter jurisdiction over the claims.

8. The allegations contained in paragraph 8 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Covid Clinic admits that the Court has supplemental jurisdiction over Davis's state law claim.

9. The allegations contained in paragraph 9 of the Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Covid Clinic admits that the Court is the proper venue for this action.

**GENERAL FACT ALLEGATIONS**

10. Covid Clinic admits that it hired Davis in November of 2020 as a Licensed Practical Nurse but lacks sufficient information to admit or deny the remaining allegations in paragraph 10 and on that basis denies the same.

11. Deny.

12. Deny.
13. Deny.
14. Deny.
15. Deny.
16. Deny.
17. Deny.
18. Deny.
19. Covid Clinic does not have sufficient information to admit or deny the allegations in paragraph 19 and therefore denies the same.
20. Deny.
21. Deny.
22. Deny.
23. Deny.
24. Deny.
25. Deny.
26. Deny.
27. Covid Clinic does not have sufficient information to admit or deny the allegations in paragraph 27 and therefore denies the same.

## DEMAND FOR JURY TRIAL

Covid Clinic requests a jury trial for all issues so triable.

## REQUESTED RELIEF

To the extent a response is required, Covid Clinic denies that Plaintiff is entitled to any of the relief she seeks.

## SEPARATE DEFENSES

Without admitting the allegations set forth in the Complaint, Defendant

alleges and asserts the following defenses, affirmative or otherwise. In addition to the defenses described below and subject to its response above, Defendant expressly reserves the right to allege additional defenses, affirmative or otherwise, as additional information becomes available and/or is otherwise discovered through the course of discovery. By alleging the defenses set forth below, Defendant does not agree or concede that it bears the burden of proof or burden of persuasion on any issue, whether in whole or in part. For its Defenses to the Complaint, Defendant alleges as follows:

### FIRST DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Unclean Hands)

The Complaint is barred, in whole or in part, by the doctrine of unclean hands due to Plaintiff's wrongful conduct.

### THIRD DEFENSE
### (Lack of Proximate Causation)

The relief requested in the Complaint should be denied and the Complaint should be dismissed with prejudice, in whole or part, to the extent that the damages alleged were not the proximate cause of any conduct of the Defendant.

### FOURTH DEFENSE
### (Unjust Enrichment)

Any recovery of damages or other relief herein as alleged by Plaintiff would constitute an unjust enrichment of Plaintiff and is therefore barred.

///

**FIFTH DEFENSE**

**(Statute of Limitations/Failure to Exhaust Remedies)**

Plaintiff's claims may be barred in whole, or in part, by the statute of limitations and/or failure to exhaust administrative remedies.

**SIXTH DEFENSE**

**(Failure to Mitigate)**

Plaintiff's claims are barred in whole or in part because Plaintiff failed to take reasonable measures to mitigate Plaintiff's damages, if any.

**SEVENTH DEFENSE**

**(Lack of Damages and/or *De Minimus* Damages)**

The relief requested in the Complaint should be denied and the Complaint should be dismissed with prejudice, in whole or part, to the extent that Plaintiff's claims are barred by lack of or absence of injury or actual, realized damages. Alternatively, Plaintiff's claims are barred in whole or in part because the purported injury to Plaintiff is *de minimis* and therefore does not trigger liability under applicable law.

**EIGHTH DEFENSE**

**(Uncertainty)**

Defendant alleges the Complaint, and the claims asserted therein, are uncertain.

**NINTH DEFENSE**

**(Lack of Specificity)**

Defendant alleges that Plaintiff has failed to allege special damages or any other damages with requisite specificity.

///

## TENTH DEFENSE

### (Bad Faith)

Defendant alleges that a reasonable opportunity for investigation and discovery will reveal, and on that basis, alleges Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and Plaintiff's attorneys.

## ELEVENTH DEFENSE

### (Prosecution of Defenses as Counterclaims)

Defendant reserves its right to prosecute any or all of the defenses described above as cross claims.

## TWELFTH DEFENSE

### (Plaintiff is an at-will Employee)

Plaintiff's claims are barred in whole, or in part because Plaintiff was properly defined as an at-will employee under relevant Arizona law.

## THIRTEENTH DEFENSE

### (No Entitlement to Prejudgment Interest)

Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## FOURTEENTH DEFENSE

### (Avoidable Consequences)

Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of

action set forth therein, or some of them, are barred, in whole or in part, by the doctrine of avoidable consequences.

## FIFTEENTH DEFENSE

### (Additional Defenses)

Defendant preserves and does not waive any of its defenses, affirmative or otherwise. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert such additional defenses if discovery indicates that it would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by the complaint, which should be dismissed with prejudice.
2. That this Court determines the rights, duties, and obligations of the parties to this action.
3. That the Court enter judgment for Defendant.
4. For costs of suit incurred herein, including attorneys' fees, to the extent recoverable in law or equity.

For such other and further relief as the Court may deem just and proper.

DATED: November 14, 2022.

**KUNZLER BEAN & ADAMSON, PC**

*/s/ Matthew R. Lewis*
Matthew R. Lewis (AZ Bar No. 17331)
R. Jeremy Adamson (to be admitted *pro hac vice*)

*Counsel for Defendant Covid Clinic, Inc.*

**PROOF OF SERVICE**

I, Andrea Coats, am a citizen of the United States and employed in Salt Lake County, Utah. I am over eighteen (18) years of age and not a party to this action. My business address is 50 West Broadway, Suite 1000, Salt Lake City, Utah 84101. My email address is acoats@kba.law.

On November 4, 2022, I hereby certify that I caused a true and correct copy of the foregoing **ANSWER** to be submitted for electronic filing through the Court's CM/ECF system and accordingly served on the following parties:

> Elizabeth D. Tate
> 2953 North 48th Street
> Phoenix, AZ 85018-7749
> Telephone: (602) 670-4653
> Facsimile: (602) 595-5959
> Email: attorneyelizabethtate@yahoo.com
>
> *Attorney for Plaintiff Robin Davis*

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed on November 4, 2022, at Salt Lake City, Utah.

> */s/ Andrea Coats*
> Andrea Coats